UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHR. HANSEN HMO GMBH,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>GLYCOSYN LLC,<br><br>    Defendant and Counterclaim-Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES.<br><br>    Counterclaim-Defendant. | C.A. No. 1:22-cv-11090-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF CHR. HANSEN HMO GMBH'S MOTION TO COMPEL NEWBURG & CO., LLP'S COMPLIANCE WITH A SUBPOENA**

**TABLE OF CONTENTS**

**Page**

I. Background ........................................................................................................................... 1
II. The Subpoena Should Be Fully Enforced. ........................................................................... 2
III. CONCLUSION ..................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amgen, Inc. v. Hoecsht Marion Roussel*,
    190 F.R.D. 287 (D. Mass. 2000)......................................................................................9

*Cavallaro v. United States*,
    284 F.3d 236 (1st Cir. 2002)............................................................................................9

*In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*,
    348 F.3d 16 (1st Cir. 2003)..............................................................................................9

*Merch. Consulting Grp., Inc. v. Beckpat, LLC*,
    CV 17-11405-PBS, 2018 WL 4510269 (D. Mass. July 11, 2018) ..............................3

*Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*,
    No. CV 17-12301-NMG, 2022 WL 18028105 (D. Mass. May 17, 2022)...................9

**Other Authorities**

Fed. R. Civ. P. 45(d)(2)(B) ...................................................................................................2, 3

Federal Rules of Civil Procedure Rule 37 ..............................................................................1

Federal Rules of Civil Procedure Rule 45 .....................................................................2, 3, 4

Federal Rules of Civil Procedure Rule 45(d)(2)(B)(i).........................................................1

Local Rule 37.1.........................................................................................................................1

Chr. Hansen HMO GMBH ("Chr. Hansen"), pursuant to Rule 45(d)(2)(B)(i) and Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, provides this Memorandum of Law in Support of its Motion to Compel Newburg & Co., LLP ("Newburg & Co.") to comply within five (5) days with a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action (the "Subpoena").

## I.   Background

In this action, Chr. Hansen has brought declaratory judgment claims against Glycosyn LLC ("Glycosyn") concerning non-infringement and invalidity of Glycosyn's patents related to a method of manufacture for a product known as 2'-fucosyllactose ("2'-FL"), a human milk oligosaccharide which is used as an additive to certain infant formulas.

Glycosyn seeks damages for the alleged infringement by Chr. Hansen in the form of a reasonable royalty. Chr. Hansen has sought discovery of certain Glycosyn information that would be germane to the calculation of that royalty rate, including the basis for the revenues from which the royalty would be paid.

In the course of discovery, it has come to light that Glycosyn's outside accounting firm, Newburg & Co., has been conducting Glycosyn business, including interactions with licensees and potential licensees of Glycosyn's patents, as well potential acquirers of Glycosyn. Glycosyn's CEO and CFO, Howard M. Newburg, is the managing partner of Newburg & Co., and maintains separate email addresses for each entity.[1] Mr. Newburg uses both his Glycosyn and his Newburg & Co. email to conduct Glycosyn business. Beyond Howard Newburg, communications produced by Glycosyn show that Jessica Nguyen, a director at Newburg & Co., has been conducting Glycosyn business. She is not an employee of Glycosyn, and she uses her

newburg.com email address to conduct Glycosyn's business. Based on this, Chr. Hansen reasonably believes that Newburg & Co. possesses discoverable information relevant to at least the issue of damages.

Accordingly, on April 23, 2024, Chr. Hansen properly noticed and served the Subpoena on Newburg & Co.[2] pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* Exhibit A[3]. The subpoena was hand-served to Howard Newburg. *See* Exhibit B. Accordingly, the date to object to the Subpoena was May 7, 2024. *See* Fed. R. Civ. P. 45(d)(2)(B). Chr. Hansen has repeatedly reached out to counsel for Glycosyn concerning the Subpoena to ask if they also represent Newburg & Co., but Glycosyn has not responded to any of Chr. Hansen's emails. With the date for compliance, as well as the deadline for Newburg & Co. to raise any objections to the Subpoena long passed, and the close of fact discovery fast approaching, Chr. Hansen brings this motion to compel Newburg & Co. to produce the documents identified in the Subpoena.[4]

## II.     **The Subpoena Should Be Fully Enforced.**

Chr. Hansen respectfully requests that the Court compel Newburg & Co. to fully comply with the Subpoena. First, Newburg & Co. has waived any objections to the Requests in the Subpoena by failing to respond within the time allotted by Rule 45. Second, the information sought by the Subpoena is relevant. Third, Newburg & Co. must produce documents in its possession constituting either attorney work product made for or on behalf of Glycosyn, or

---

[1] hnewburg@glycosynllc.com and hnewburg@newburg.com

[2] Chr. Hansen has also attempted to serve a subpoena on Jessica Nguyen, but she has evaded service.

[3] Exhibits herein refer to the Exhibits to the Declaration of Brian P. Murray, submitted concurrently herewith.

attorney communications with, including, or involving Glycosyn, because any privilege was waived by the dissemination of that work product or communications to Newburg & Co.

The Subpoena was hand served on Howard Newburg on April 23, 2024. Rule 45 provides that "A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The 14-day window for Newburg & Co. to have objected to the Subpoena elapsed on May 7, 2024. During this time, Newburg & Co. did not contact counsel for Chr. Hansen in any way. Counsel for Chr. Hansen, anticipating that counsel for Glycosyn may also choose to represent Newburg & Co. because Howard Newburg is both CEO of Glycosyn and the Managing Partner of Newburg & Co., repeatedly asked counsel for Glycosyn if they represented Newburg & Co. Chr. Hansen was met with silence.

Courts in this District have held objections not timely raised have been waived, unless certain unusual circumstances are present. In *Merch. Consulting Grp., Inc. v. Beckpat, LLC*, the recipient of a subpoena failed to respond to numerous entreaties, the court held that objections based on the 100-mile limitation of Rule 45 had been waived. *Merch. Consulting Grp., Inc. v. Beckpat, LLC*, CV 17-11405-PBS, 2018 WL 4510269, at *1 (D. Mass. July 11, 2018), *report and recommendation adopted* (Aug. 1, 2018) (quoting *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943 LAB (JMA), 2018 WL 2387580, at *4 (S.D. Cal. May 24, 2018) ("A non-party's failure to timely make objections to a Rule 45 subpoena generally requires the

---

[4] Newburg & Co. has not communicated with Chr. Hansen in any way, nor sought to quash the subpoena or sought a protective order, as would be proper under the Federal Rules.

court to find that any objections have been waived.... Nonetheless, [i]n unusual circumstances and for good cause ... the failure to act timely will not bar consideration of objections to a [Rule 45 subpoena].")). And no such unusual circumstances are present here—Mr. Newburg was personally served, he is certainly familiar with attorneys given the long-run action to which he is CEO of one of the parties, and he has not even attempted to communicate with Chr. Hansen about any such circumstances. Indeed, his attorneys in his capacity as Glycosyn's CEO have repeatedly ignored inquiries as to this Subpoena.

Second, the information sought by Chr. Hansen is relevant, discoverable, and only obtainable from Newburg & Co. Documents produced by Glycosyn clearly show that at least Jessica Nguyen, an employee of Newburg & Co., was conducting Glycosyn business from her Newburg & Co. email. For example, an email produced by Glycosyn shows that Jessica Nguyen was attending meetings with Ginkgo Bioworks, a Glycosyn partner and lender, on behalf of Glycosyn where it is unclear whether actual Glycosyn employees were present:

```
From:       Jessica T. Nguyen [jnguyen@newburg.com]
Sent:       6/29/2018 2:49:07 PM
To:         Howard M. Newburg [hnewburg@newburg.com]; 'jrgarrett (jrgarrett@comcast.net)' [jrgarrett@comcast.net]
Subject:    Ginkgo Call Notes
```

Howards/John
Notes from call

- ITC ligation – intuited by ITC 10 days ago
  - 10 days to provide interrogatories, etc.
- Strategies
  - Be primary producers – Blow them out of the water - $2-3M (Opinion of infringement – 99% sure of violation)
  - A win would be for Jennewein to not be allowed to sell to Abbott, MEAD Johnson, US markets
- HMOs
  - 2FL – 1200 tons by Sep/Oct – way over breakeven (B/E 600-700 tons)
  - 6SL
  - Others
- Friesland
  - Trade in short term $$ for long-term relationship/royalties
- Investor Model
  - Platform access
  - External investors/external funding
  - 1 model - Give Glycosyn $$

Ex. C at GLY-DMA_0199239.

Another email shows Ms. Nguyen's involvement in preparing JSC (Joint Steering Committee) agendas for meetings with Glycosyn's licensee Friesland Campina:

5

> From: Jessica T. Nguyen [jnguyen@newburg.com]
> Sent: 1/17/2018 9:56:06 PM
> To: 'jmccoy@glycosynllc.com' [jmccoy@glycosynllc.com]; 'jrgarrett (jrgarrett@comcast.net)' [jrgarrett@comcast.net]
> CC: Howard M. Newburg [hnewburg@newburg.com]; Catharine A. Bello [cbello@newburg.com]; Alessandro Ucciferri [aucciferri@newburg.com]
> Subject: RE: Proposed date for JSC February 2018
>
> Good evening John and John,
>
> Hope your week is going well.
>
> In preparation for our upcoming meeting, next Tuesday (1/23), we wanted to outline some of the agenda items in advance:
>
> - **Glycosyn Science Update**
> 1. HMO production progress/schedule/Timeline
> 2. Matrix - 2'-FL, 6'-SL
> 3. Matrix - Other molecules, products, etc.
> 4. Matrix - Licensing/IP (i.e. Glycosyn vs. RFC, etc.)
>
> John M, I believe you have most of the above schedule/matrix from previous PowerPoint presentations. Would you be able to update them? Or let me know which ones I can assist with?
>
> **Glycosyn Business Update**
> 1. Joint Steering Committee - Netherland Meeting – 2/15/18 (HMN, JG, JM)
> 2. Financial update, cash flow projection, burn rate
> 3. Loan extension letters – maturity 6/30/18
> 4. Legal letter to Jennewein (update?)
> 5. Business opportunities
> 6. Matrix – Markets
> 7. Regulatory
> 8. Collaborations (i.e. DuPont, Glycom, etc.)
> 9. Contracts & Agreement abstracts/outline
> 10. Updates on Mexico business relationship
>
> There will be more items to add, but we just wanted to start the agenda topics and work on gathering materials as much as possible this week.
>
> Please let us know of any questions.

Ex. D at GLY-DMA_0200099.

Yet another email shows Ms. Nguyen reaching out to potential Glycosyn licensees offering terms for licensing Glycosyn's intellectual property:

6

```
From:     Jessica Nguyen [jnguyen@newburg.com]
Sent:     11/23/2022 4:40:50 PM
To:       'Madeline Lauf' [madeline@beginhealth.com]
CC:       Katie Berlin [katie@beginhealth.com]; Rebecca Kirley [rebecca@beginhealth.com]; Howard Newburg
          [hnewburg@newburg.com]; jmccoy@glycosynllc.com
Subject:  RE: BASF License - Glycosyn LLC
```

Hi Madeline,

BASF is exiting our license agreement, therefore we are offering you an opportunity to enter into a similar license agreement directly with Glycosyn.

The proposal would be a non-exclusive license agreement between Glycosyn and your company with non-exclusive rights to the methods of use IP in specific segments similar to our current agreement/arrangement with BASF, or any revised arrangements that would suit your needs.

Our reach out was to discuss the transition and continuance of the BASF arrangement.

Let us know how you would like to proceed with the next steps.

Best,
Jessica

Ex. E at GLY-DMA_0221737.

These emails were only produced because they were in the ***Glycosyn*** files of Howard Newburg. It is a certainty that Ms. Nguyen was conducting Glycosyn business without including Howard Newburg; an earlier email in the thread above shows that Ms. Nguyen initially reached out to Begin Health, Inc. seeking to out-license Glycosyn's intellectual property without including any Glycosyn employees or email addresses:

7

> ---------- Forwarded message ----------
> From: **Jessica Nguyen** <jnguyen@newburg.com>
> Date: Wed, Nov 16, 2022, at 09:51 PM
> Subject: BASF License - Glycosyn LLC
> To: care@beginhealth.com
>
> Hi Begin Health, Inc. representative,
>
> Hope all is well.
>
> I would like to take this opportunity to introduce myself. My name is Jessica Nguyen and I am emailing you on behalf of Glycosyn LLC. We were provided your contact information from BASF SE.
>
> As you may know, Glycosyn and BASF formed a strategic partnership in 2019 to improve gut health with human milk oligosaccharides (HMOs) specifically with the application of 2'-FL methods of use including a general prebiotic, in treating IBD and IBS, and respiratory diseases. BASF is allowing Glycosyn to proceed forward with licensing opportunities in this area.

Ex. E at GLY-DMA_0221741.

This email was fortuitously collected because later emails included an employee of Glycosyn—John McCoy—through his Glycosyn email address.[5] Emails that never included Howard Newburg or John McCoy, or that included Howard but only to his Newburg & Co. email but not his Glycosyn email, would not have been collected or produced. Indeed, the parties have been in active litigation in one form or another since 2018 – it is entirely possible that Howard Newburg has been deliberately conducting certain Glycosyn business using only his Newburg & Co. email in order to conceal those communications from discovery. Chr. Hansen is entitled to discovery of all documents in Newburg & Co.'s possession concerning Glycosyn.

These documents are all highly relevant to the issue of damages, especially the issue of a reasonable royalty. As can be seen, Newburg & Co. was instrumental in seeking potential licensees for Glycosyn's intellectual property, and negotiating the terms of those real-world licenses. These documents are discoverable for that reason, and are not available from any entity

---

[5] Howard Newburg appears to have been conducting this Glycosyn business using his Newburg & Co. email address, underscoring why discovery from Newburg & Co. is critical in this case.

8

other than Newburg & Co.  The Court should enter an order compelling Newburg & Co. to comply with the subpoena and produce documents in its possession immediately.

Third, any and all documents in Newburg & Co.'s possession concerning Glycosyn, even those documents involving or including attorneys or attorney work product, cannot be withheld due to any privilege that Glycosyn may have had with respect to such documents.  Privilege of those communications has been waived by dint of its disclosure to Newburg & Co.  Additionally, as discussed above, Newburg & Co. failed to timely raise objections, including any objections as to privilege, thus those objections are waived.  Even if such objections had been lodged, Newburg & Co. would bear the burden of proving that any such documents are privileged, and that the privilege had not been waived, which it has not done and cannot do.  *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003) ("the party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived"); *Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*, No. CV 17-12301-NMG, 2022 WL 18028105, at *2 (D. Mass. May 17, 2022) (same); *Amgen, Inc. v. Hoecsht Marion Roussel*, 190 F.R.D. 287, 289 (D. Mass. 2000) (same).  Finally, the disclosure of Glycosyn's information to Newburg & Co. definitively waives any claim of privilege.  *Cavallaro v. United States*, 284 F.3d 236, 246–47 (1st Cir. 2002) ("Generally, disclosing attorney-client communications to a third party undermines the privilege.").  And it cannot be disputed that Newburg & Co. is a third party.  At his deposition, Howard Newburg was asked if Jessica Nguyen was a Glycosyn employee:

```
13 Q. So someone -- so Jess Nguyen is an
14 employee of Newburg & Company. Correct?
15 A. Correct.
16 Q. And she does work for Glycosyn?
17 A. She does consultive work. She's my right-
18 hand person/chief of staff taking care of all my
```

9

> 19 management advisory services. And Glycosyn is
> 20 just one of her many functions to take care of for
> 21 me.
> 22 Q. And how is she paid for that?
> 23 A. Through a paycheck from Newburg & Company.

Ex. F, April 25, 2024 Deposition of H. Newburg at 203:13-23.

Finally, time is of the essence in enforcement of this subpoena. Fact discovery is currently scheduled to close on May 24, 2024. These documents never should have been withheld by Glycosyn in the first place, and Newburg & Co.'s failure to even engage with Chr. Hansen has already delayed resolution of the Subpoena.

The Court should therefore compel Newburg & Co. to produce all responsive documents in its possession.

### III.   CONCLUSION

Chr. Hansen respectfully requests this Court grant its Motion to Compel and order Newburg & Co. to produce all documents in its possession within five (5) days.

Dated: May 16, 2024

**CHR. HANSEN HMO GMBH**

By its Attorneys,

*/s/ Brian P. Murray*

Joshua Krumolz (BBO 552573)
Joshua.krumolz@hklaw.com
Allison M. Lucier (BBO 569193)
Allison.Lucier@hklaw.com
Emily Robey-Phillips (BBO 698744)
Emily.robey-phillips@hklaw.com
Holland & Knight LLP
10 Saint James Avenue; 11th Floor
Boston, MA  02116
Telephone: (617) 523-2700

R. David Donoghue (*Pro Hac Vice*)
David.donoghue@hklaw.com

10

>Brian P. Murray (*Pro Hac Vice*)
>Brian.murray@hklaw.com
>Tiffany Lee (*Pro Hac Vice*)
>Tiffany.lee@hklaw.com
>Holland & Knight LLP
>150 N. Riverside Plaza, Suite 2700
>Chicago, IL 60606
>Telephone: (312) 263-3600

**CERTIFICATE OF CONFERENCE**

In accordance with Local Civil Rule 37.1(a), I certify that I have attempted multiple times to contact counsel for Glycosyn LLC to ascertain if they also represent Newburg & Co. Counsel for Glycosyn LLC would not respond to such requests. I did not attempt to contact Howard Newburg, Managing Partner for Newburg & Co. because as CEO of Glycosyn LLC, he is a represented party.


Dated: May 16, 2024                           /s/ *Brian P. Murray*
                                              Brian P. Murray

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2024, I electronically filed the foregoing using the court's CM/ECF system, which will send notification of such filing to all counsel who are registered CM/ECF users.

I also certify that on May 16, 2024, the foregoing document was hand delivered to the following address of Newburg & Co.

**COURIER DELIVERY**
Newburg | CPA
95 Sawyer Road, Suite 120
Waltham, MA 02453-3471

*/s/ Brian P. Murray*
Brian P. Murray