United States District Court
District of Massachusetts

| | |
|---|---|
| Chr. Hansen HMO GmbH,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>Glycosyn LLC,<br><br>    Defendant and Counterclaim-Plaintiff,<br><br>    v.<br><br>Abbott Laboratories,<br><br>    Third-Party Defendant. | Civil Action No.<br>22-11090-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the Report and Recommendation of United States Magistrate Judge, Donald L. Cabell ("the R&R") with respect to the motion of third-party defendant Abbott Laboratories ("Abbott") for summary judgment. After careful consideration of the R&R and the parties' objections thereto, this Court will accept and adopt the R&R with a supplemental note on the applicable law.

Abbott argues that defendant and counterclaim-plaintiff Glycosyn, LLC ("Glycosyn") cannot maintain its patent infringement suit against Abbott without joinder of another

-1-

company, Friesland Campina DOMO B.V. ("RFC"). Abbott contends that Glycosyn had an exclusive licensing agreement with RFC for the patents at issue. The R&R rejects the arguments put forth by Abbott that: 1) Glycosyn has not suffered an injury-in-fact and thus lacks Article III standing; 2) Glycosyn is not a "patentee" (i.e., a patent holder) under 35 U.S.C. § 281 and thus does not have the statutory authority to sue; and 3) RFC is a "necessary and indispensable party" that cannot be joined feasibly under Fed. R. Civ. P. 19(b).

The R&R effectively and convincingly disposes of the first two arguments, leaving only the issue of necessary joinder under Rule 19, a slightly more challenging question which this Court chooses to address further.

Abbott, in its motion, relies largely on caselaw from the Federal Circuit to support its assertion that exclusive licensees are necessary parties to infringement suits under Rule 19. That caselaw is not, however, dispositive because the Federal Circuit itself has held that its own caselaw should not govern Rule 19 joinder decisions; rather, the district court should rely on the precedent of the circuit in which that court sits. See, e.g., Gensetix, Inc. v. Bd. of Regents of Univ. of Texas Sys., 966 F.3d 1316, 1321 (Fed. Cir. 2020); Univ. of Utah v. Max-Planck-Gesellshaft Zur Forderung Der Wissenschaften E.V., 734 F.3d 1315, 1320 (Fed. Cir. 2013).

The First Circuit Court of Appeals has not expressly ruled on the question of whether an exclusive licensee is a necessary party in an infringement suit. The R&R thus concludes that

> [i]n the absence of controlling precedent instructing otherwise, the court declines to hold that RFC is a necessary party as a matter of law simply because it is an exclusive licensee.

(Citing § 281).

The lack of binding precedent in the First Circuit is not the end the interpretive inquiry. When neither the First Circuit nor the Supreme Court provides direct guidance on a particular legal question, reference to the law of other circuits is warranted. D&H Therapy Assocs. v. Boston Mut. Life Ins. Co., 640 F.3d 27, 36-37 (1st Cir. 2011); see, e.g., Bacardi Intern. Ltd. v. V. Suarez & Co., 719 F.3d 1, 10, 13 (2013) (citing to, inter alia, caselaw from the Second Circuit, Ninth Circuit and the District of Minnesota to aid in the court's interpretation of the provisions of Rule 19).

A survey of the relevant caselaw in this case, however, presents two more challenges: 1) many of the cases discussing the indispensability of licensees were decided prior to the 1938 adoption of Fed. R. Civ. P. 19 and 2) more recent district court decisions cite Federal Circuit caselaw in interpreting joinder rules in patent suits. See, e.g., THK Am., Inc. v. NSK, Ltd., 157 F.R.D. 660, 661 n.5 (N.D. Ill. 1994) (citing Vaupel

-3-

Textilmaschinen v. Meccanica Euro Italia, 944 F.2d 870, 875 (Fed.Cir. 1991)); Amgen, Inc. v. F. Hoffman-LaRoche Ltd., 456 F. Supp. 2d 267, 283 (D. Mass 2006)(citing Aspex Eyewear, Inc. v. Miracle Optics, Inc., 434 F.3d 1336, 1342 (Fed. Cir. 2006)). Thus, this Court is confronted with the very problem for which it sought guidance from elsewhere.

Without such guidance, this Court elaborates on the textual interpretation of Rule 19 begun by the magistrate judge. First, a party is not deemed "necessary" under Rule 19 when it is not entitled to any relief. Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Municipality of San Juan, 773 F.3d 1, 13 (1st Cir. 2014) (concluding that a party is necessary under Rule 19 if, "in that [party's] absence, the court cannot accord complete relief among the existing parties"). And it is certainly self-evident that, if a party does not have the right to sue, it is not entitled to relief from such a suit. As the R&R succinctly concludes, RFC is not a necessary party here because it let the clock run out on its right to sue, and therefore is no longer entitled to any relief from this suit.

After careful consideration, the Court agrees with the finding of the magistrate judge that an exclusive licensee of a patent is not a necessary party to an infringement suit under Rule 19 when the licensee has let its conditional right to do so

expire. The Court will therefore deny summary judgment to Abbott Labs.

## ORDER

For the foregoing reasons, and after consideration of the objections thereto, the Report and Recommendation of Magistrate Judge, Donald L. Cabell (Docket No. 410) is accepted and adopted that the motion of Abbott Labs for summary judgment (Docket No. 200) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: March 24, 2025