UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHR. HANSEN HMO GMBH,

    *Plaintiff and Counterclaim-Defendant,*

v.

GLYCOSYN LLC,

    *Defendant and Counterclaim-Plaintiff,*

v.

ABBOTT LABORATORIES.

    *Counterclaim-Defendant.*

Civil Action No. 1:22-cv-11090-NMG

**ABBOTT'S MOTION TO STAY PENDING
<u>APPELLATE REVIEW OF LAW ON JURISDICTIONAL STANDING</u>**

I.  **INTRODUCTION**

For the reasons explained in Abbott's motion papers, the Court should grant Abbott's motion for summary judgment that Glycosyn lacks constitutional standing to maintain its patent infringement suit. In the alternative, the Court should grant the present motion to stay all deadlines, including trial, pending the Federal Circuit's decision in *A.L.M. Holding Co. v. Zydex Industries Private Ltd.*, No. 2025-1317. That decision will be binding and, if the Federal Circuit affirms the district court—as it does the vast majority of the time—will entirely dispose of this case. The Federal Circuit is reviewing exactly the same dispositive issue in exactly the same factual context: whether a patentee has constitutional standing when it only retained "usage rights" and not "exclusionary rights" to the patents. *See id.*

As discussed in Abbott's notice of supplemental authority (Dkt. 396) and objections to the Magistrate Judge's Report and Recommendation and Motion for Reconsideration filed contemporaneously with this motion, the district court in *Zydex* determined that the patent owner's retention of rights "d[id] not confer constitutional standing." *See A.L.M. Holding Co. v. Zydex Indus. Priv. Ltd.*, No. 1:24-363-JPM, 2024 WL 5276676, at *4 (D. Del. Nov. 25, 2024). *Zydex* is on all fours: indeed, Glycosyn did not even *try* to distinguish the facts of *Zydex* in its opposition to Abbott's motion to submit it as supplemental authority. Dkt. 349. Rather, Glycosyn criticized the decision as "not good law" and a "recurring mistake in Delaware." *Id.* at 1-2. Glycosyn subsequently filed an amicus brief in support of A.L.M's appeal—the only party to do so—to "establish[] appellate guidance on standing law as it pertains to patent owners." *Zydex*, No. 25-1317, Dkt. 11-2. Glycosyn thus acknowledges that the legal issue to be reviewed by the Federal Circuit is dispositive here. Should the Federal Circuit affirm the district court in *Zydex*, Glycosyn similarly lacks standing to maintain its patent infringement suit against Abbott and Chr. Hansen, and the case will be over.

1

While Abbott recognizes that a stay may extend past the current September 2025 trial date, the alternative is far worse. It would be detrimental to proceed with the trial, only to have the Federal Circuit effectively rule that this case should not have proceeded because Glycosyn lacks standing. That would result in a colossal waste of the Court's and the parties' resources. And with no injunction at issue and only monetary damages at issue, Glycosyn will suffer no unfair prejudice from a short stay. Abbott therefore respectfully submits that a stay would be prudent, pending the Federal Circuit's *Zydex* decision.

## II.   LEGAL STANDARDS

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). For example, "it is well within the district court's province . . . to stay . . . pending the determination of a dispositive motion." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006). The court may stay a case where 1) there is good cause; 2) it is for a reasonable duration; and 3) it is consistent with the parties' respective equities. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992).

## III.   ARGUMENT

### A.   Good Cause Exists For a Stay

A stay here will promote judicial efficiency. A decision from the Federal Circuit in the *Zydex* appeal will at minimum simplify the legal question at issue, and, if the Federal Circuit

affirms the district court (as it does 80 percent of the time[1]), will dispose of the case altogether. This demonstrates good cause. *See, e.g.*, *Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. United States Dep't. of Health & Hum. Servs.*, No. 20-11297-PBS, 2021 WL 12295489, at *1 (D. Mass. Oct. 29, 2021) (staying a case rather than "expend resources resolving complicated legal issues that may well be moot around the same time this Court would reach a decision"); *Promera Health, LLC v. Vireo Sys., Inc.*, No. 15-12888-NMG, 2016 WL 861215, at *6 (D. Mass. Jan. 14, 2016) (staying the case "pending resolution of the trademark ownership issue pending in the Nebraska Court," which "will surely narrow the trademark issues presented here").

The Federal Circuit's decision in *Zydex* will be binding on this court. *See Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 617 (Fed. Cir. 2016) (finding that whether a patentee has standing to bring a patent infringement case is "a question of law that this court reviews de novo, applying Federal Circuit precedent"). Glycosyn has not—and could not—distinguish *Zydex* based on the facts. For the reasons explained further in Abbott's objections and motion for reconsideration, *Zydex* is on all fours here. In sum, the plaintiff-patent owner in *Zydex* granted an exclusive license to a third party and retained limited rights, including the right (1) "to use the Licensed Products for research and development purposes . . . [and] to use Licensed Products purchased from" the licensee; (2) to review the "terms and conditions of any [of licensee's] sublicense" for "prior review and approval, which approval shall not be unreasonably withheld"; (3) "to receive royalties from any authorized use of the patented technology"; (4) "to bring or participate in a lawsuit against potential infringers"; and (5) to "collect damages resulting from litigation of patent infringement." 2024 WL 5276676, at *3, at *4-*7. Glycosyn retained

---

[1] *See* https://www.cafc.uscourts.gov/wp-content/uploads/reports-stats/FY2024/AppealsFiledTerminatedandPending.pdf (Federal Circuit Statistics for twelve-month period ending September 30, 2024).

3

some—but not all—of these rights. Yet *Zydex* held the plaintiff retained no "exclusionary rights" and dismissed the plaintiff's infringement claims. *Id.* at *3. If the Federal Circuit affirms in *Zydex*, Glycosyn's infringement claims must be similarly dismissed. *See Diamond Coating*, 823 F.3d at 617 (finding that Federal Circuit law controls).

Under such circumstances, courts have stayed cases pending appellate decisions. *See, e.g.*, *Grecia v. Adobe Inc.*, No. 16-cv-06283-YGR, 2018 WL 6523983, at *2-3 (N.D. Cal. Dec. 12, 2018) ("If the Federal Circuit affirms [the district court's] ruling, it will dispose of this case."); *Nichia Corp. v. Mary Elle Fashions, Inc.*, No. 16-cv-615-JRG, 2016 WL 9558954, at *2 (E.D. Tex. Dec. 22, 2016) (granting a stay when "the outcome of the [Federal Circuit] appeal could be wholly dispositive of the present proceedings"); *Takeda GmbH v. Mylan Pharm. Inc.*, No. 15-3384 (FLW)(DEA), 2016 WL 146443, *5-*6 (D.N.J. Jan. 12, 2016) (staying infringement action pending resolution of the Federal Circuit appeal in a different matter to resolve legal issues on jurisdiction).

It is fundamental to this Court's power that it may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In this case, there is good cause to enter a stay.

### B.    A Stay Should Remain in Place Until the Federal Circuit's Decision

A stay should remain in place until a decision from the Federal Circuit in *Zydex*. That appeal was filed on January 9, 2025, and the appellants filed their opening brief on February 24, 2025. *See* No. 2025-1317, Dkt. 4. Briefing is expected to be completed on May 19, 2025, at which point oral arguments will be scheduled, and then a decision will be issued. Although the exact date of the decision cannot be known, it is highly likely that a decision will not issue until after the current September 2025 trial here. But even if that were the case, a stay is still appropriate, and a

4

far better alternative to conducting trial before the issuance of a decision from the Federal Circuit. Should the Federal Circuit affirm in *Zydex*, that decision would be binding here, and require dismissal of Glycosyn's infringement claims because it does not have constitutional standing.

### C. The Balance of Equities Requires a Stay

On balance, it would be in the best interest of the parties and the judiciary to stay the case until the Federal Circuit's decision in *Zydex*. Glycosyn has only alleged damages in its patent case and will still be able to recover such damages, plus interest, despite any delay. *Gioello Enterprises Ltd. v. Mattel, Inc.*, No. 99-375-GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001) (granting stay, reasoning "money damages is an adequate remedy for any delay in redress"); *Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*, No. 97-7681-LGB-EX, 1998 WL 670240, at *3 (C.D. Cal. July 17, 1998) (plaintiff "has failed to explain why money damages will not be adequate if it prevails at trial."). Therefore, any claim of prejudice by Glycosyn is mitigated by the fact that Glycosyn is seeking only monetary relief.

Further, a stay will preserve the parties' and Court's resources. The parties have finished briefing of summary judgment and *Daubert* motions, and those motions are pending. Staying the current case schedule, including the trial date, at this point will allow the parties and the Court to conserve resources until—should the Court not grant Abbott summary judgment—the remaining uncertainty is resolved by the Federal Circuit as to whether Glycosyn has constitutional standing to even maintain its patent suit against Abbott and Chr. Hansen.

### IV. CONCLUSION

For these reasons, if the Court does not grant Abbott's summary judgment motion on standing, this Court should stay this case pending the appellate decision in *Zydex*.

Dated:  March 28, 2025                                     Respectfully submitted,

*/s/ Charles. H. Sanders*
Michael A. Morin (*Pro Hac Vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
michael.morin@lw.com

Charles H. Sanders (BBO # 646740)
William J. Trach (BBO # 661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6000
Fax: (617) 948-6001
charles.sanders@lw.com
william.trach@lw.com.com

Rachel Renee Blitzer (*Pro Hac Vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
rachel.blitzer@lw.com

Sarah W. Wang (*Pro Hac Vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
sarah.wang@lw.com

*Attorneys for Abbott Laboratories*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Abbott has conferred with counsel for Defendant and Counterclaim-Plaintiff Glycosyn and Plaintiff and Counterclaim-Defendant Chr. Hansen in a good faith effort to resolve or narrow the issues raised in this motion. Glycosyn opposes this motion, while Chr. Hansen does not oppose this motion.

*/s/ Charles H. Sanders*
Charles H. Sanders

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on March 28, 2025 to those identified as non-registered participants.

*/s/ Charles H. Sanders*
Charles H. Sanders